UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————
1ST BRIDGE LLC,

                              Plaintiff,

        - against -

THE WILLIAM LEE FREEMAN GARDEN APARTMENTS
LLC, ET AL.,

                              Defendants.
————————————————————————————————

10 Civ. 3191 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

        The plaintiff moves for summary judgment against defendants
William Lee Freeman Garden Apartments LLC and Melvin E. Wilson,
foreclosing a mortgage and enforcing payment under a guaranty.
Neither defendant has opposed the motion.  Under Federal Rule of
Civil Procedure 56 and Local Rule 56.1, a district court can
grant an unopposed motion for summary judgment when the materials
supporting the motion for summary judgment show that the moving
party is entitled to judgment as a matter of law.  See Holtz v.
Rockefeller & Co., 258 F.3d 62, 74 n.1 (2d Cir. 2001).

        A foreclosing plaintiff may establish prima facie
entitlement to summary judgment by submitting proof of the
mortgage and unpaid note, plaintiff's ownership thereof, and the
defendant's default.  See, e.g., Votta v. Votta Enters., Inc.,
672 N.Y.S. 2d 118, 119 (App. Div. 1998).  If this showing is
made, the defendant then bears the burden of producing evidence
that raises a question of fact regarding any defenses to

foreclosure.  Id. at 120.

The plaintiff has met its prima facie case.  It has proffered a copy of the mortgage, note, and guaranty, which show that the plaintiff holds a note and mortgage made by the William Lee Freeman Garden Apartments and guaranteed by Mr. Wilson. (Deutsch Affirmation Ex. A-C.)  It has also submitted an affidavit sworn by the plaintiff's manager attesting to the defendants' default.  (Groner Affidavit ¶¶ 4-5.)

Because the defendants have not opposed the plaintiff's motion, they have not met their burden of producing evidence of a question of fact regarding any defenses to foreclosure.  To the extent that their answer alleges a defense of oral modification, equitable estoppel, or a breach of the duty of good faith and fair dealing, no evidence supports these defenses.  The mortgage explicitly prohibits oral modification.  (Deutsch Affirmation Ex. B ¶ 3.04.)  See, e.g., CrossLand Sav., FSB v. Loguidice-Chatwal Real Estate Inv. Co., 567 N.Y.S.2d 39, 40 (App. Div. 1991) (affirming rejection of defense based on alleged oral promises where mortgage documents "specifically precluded any oral modification").  Moreover, the defendants have not alleged detrimental reliance, as required for a defense based on equitable estoppel, see, e.g., First Union Nat. Bank v. Tecklenburg, 769 N.Y.S.2d 573, 574-75 (App. Div. 2003), nor any deprivation of a right to receive the benefits of the agreement,

2

good faith and fair dealing, see, e.g., Aventine Inv. Mgmt., Inc.
v. Can. Imperial Bank of Commerce, 697 N.Y.S.2d 128, 130 (App.
Div. 1999).

Accordingly, there is no disputed issue of material fact,
and the plaintiff's motion is granted.  The plaintiff should
submit a proposed judgment to the Court by **May 30, 2011**.  The
defendants may submit a proposed counter-judgment by **June 3,
2011**.

The Clerk is directed to close Docket No. 20.

SO ORDERED.

Dated:    New York, New York
          May 23 , 2011

                              _____
                              John G. Koeltl
                              United States District Judge

3